UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00908-KDB

| TERRY SIMERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| RICHIE SIMMONS, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of Plaintiff's Complaint. [Doc. 1].

## I. BACKGROUND

On or about October 7, 2024, pro se Plaintiff Terry Simerson ("Plaintiff"), a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983 against 68 individual Defendants, based on events Plaintiff alleges occurred on and after November 6, 2019, in Davidson County, North Carolina. [Doc. 1; id. at 33-37]. Plaintiff alleges that most Defendants reside in Davidson County, that three reside in Guilford County, that two reside in Mecklenburg County, and that one each reside in Forsyth and Alamance Counties, all in North Carolina.[1] [Id. at 1-2, 6-17, 19-20]. Plaintiff claims to have suffered various mental and physical injuries before and/or incident to his arrest and subsequent detainment at the Davidson County Jail. [Id. at 39-42]. Plaintiff is seeking monetary relief, including punitive damages. [Id. at 38, 43-45]. He also asks the Court to "[b]ring charges on the individuals that shot [him]," expunge all charges against him, and, among other things, grant him a hunting and fishing license. [Id. at 46-47].

---

[1] Davidson, Guilford, Forsyth, and Alamance Counties are in the Middle District. Mecklenburg County is in the Western District.

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in the venue where the issue substantially arose, which is the Middle District of North Carolina. Moreover, because 66 of the 68 Defendants reside there, the Middle District is the most appropriate venue for this action. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Middle District of North Carolina. The Court will transfer this action to the Middle District of North Carolina.

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Middle District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Middle District of North Carolina.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 31, 2024

Kenneth D. Bell
United States District Judge